**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04422-NYW

YOSNEIDY DELGADO-HERNANDEZ,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID J. VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

Before the Court is the Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"). [Doc. 1]. Respondents filed a Response, and Petitioner replied. *See* [Doc. 5; Doc. 8]. After reviewing the record and the applicable law, the Petition is **GRANTED in part**.

**DISCUSSION**

Petitioner is a citizen and national of Venezuela who entered the United States on or about January 1, 2023. [Doc. 1 at ¶¶ 1–2, 35–36]. On July 4, 2026, Petitioner was arrested by ICE and detained, [*id.* at ¶¶ 6, 39], and Petitioner remains currently detained at the Aurora ICE Processing Center in this District, [*id.* at ¶ 1]. Petitioner asserts four claims for relief: (1) Petitioner was arrested without a warrant in violation of their

constitutional rights; (2) Petitioner's detention without a pre-deprivation process violates their due process rights; (3) Petitioner's continuing civil detention "lacks the special justification required by the Fifth Amendment"; and (4) "Petitioner's deteriorating health renders their continued detention unconstitutional." [*Id.* at ¶¶ 46–89 (emphasis omitted)]. Petitioner requests that the Court order Respondents to immediately release Petitioner. [*Id.* at ¶¶ 90–106]; *see also* [*id.* at 24].

As previously explained in detail by the Court, Section 1226 authorizes arrest and detention only "[o]n a warrant issued by the Attorney General," 8 U.S.C. § 1226(a), or without a warrant in very limited circumstances, 8 U.S.C. § 1357(a)(2). *See Torres v. Baltazar,* No. 26-cv-04996-NYW, 2026 WL 3120698, at *2 (D. Colo. Oct. 19, 2026) (discussing the requirements for warrantless arrests). Petitioner alleges that they were "arbitrarily detained by masked, unidentified immigration agents" and "were not provided a warrant." [Doc. 1 at ¶ 49]. Petitioner also alleges that there was no probable cause for arrest and Petitioner is not a flight risk as required for a warrantless arrest pursuant to § 1357(a)(2). [*Id.* at ¶¶ 49–50]. Respondents make no argument in opposition to this allegation or any argument at all that Petitioner's arrest was proper. [Doc. 5 at 1–2] ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."). They have therefore waived such arguments. *See Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims.").

Because nothing in the record before this Court demonstrates that the Government complied with either § 1226(a) in obtaining a warrant prior to Petitioner's arrest or § 1357(a)(2), and because Respondents do not contest Petitioner's claim that he was unconstitutionally arrested, the Petition is **GRANTED in part** with respect to Petitioner's first claim. As the Court has previously done in such cases, it will order Petitioner released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880, at *6 (D. Colo. May 15, 2026) (quoting *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026)). Respondents **SHALL RELEASE** Petitioner within **48 hours** of the entry of this Order. Because the Court has granted Petitioner's requested relief, the Court need not address Petitioner's other claims.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2) Respondents **SHALL RELEASE** Petitioner **within 48 hours of the entry of this Order**; and

(3) On or before **November 3, 2026**, the Parties **SHALL FILE** a joint status report confirming that Petitioner was released informing the Court whether any further proceedings are required in this case.

DATED: October 27, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge